**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No.: ) |
| WYNNDALCO ENTERPRISES, LLC, an Illinois limited liability company ; MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Citizens Insurance Company of America ("Citizens"), by and though its counsel of record, and for its Complaint against Defendants Wynndalco Enterprises, LLC ("Wynndalco"), Melissa Thornley ("Thornley"), Deborah Benjamin-Koller ("Benjamin-Koller'"), and Josue Herrera ("Herrera"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Wynndalco. Citizens seeks a declaration that it has no duty to defend or indemnify Wynndalco under a Business Owners Policy containing a General Liability Coverage Part in connection with the underlying putative class action suit captioned *Thornley, et al. v. CDW-Government, LLC , et al.,* bearing Case No. 20 CH 04346, filed in the Circuit Court of Cook County, Illinois.

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

1

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Defendant, Wynndalco, is a limited liability company organized under the laws of the state of Illinois, with its principal place of business in Mokena, Illinois.

5. All members of Wynndalco, LLC are citizens of the State of Illinois.

6. Defendant, Thornley, is a citizen of the State of Illinois. Thornley is joined in this suit as a necessary party defendant.

7. Defendant, Benjamin-Koller, is a citizen of the State of Illinois. Koller is joined in this suit as a necessary party defendant.

8. Defendant, Herrera, is a citizen of the State of Illinois. Herrera is joined in this suit as a necessary party defendant.

9. The Thornley Lawsuit for which Wynndalco seeks a defense and indemnity is a putative class action. The Citizens Policy has Limits of Liability of $2 million Each Occurrence and $4 million in the Aggregate.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens, and all Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Wynndalco, substantially exceeds $75,000.

11. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

**A.  The Policy**

12. Citizens issued Business Owners Policy No. OBC-H062078-00 to Wynndalco, effective October 2, 2019 to October 2, 2020 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**. The Policy contains a Business Liability Coverage Part.

**B.  The Thornley Lawsuit**

14. On May 27, 2020, Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera (collectively the "Named Plaintiffs") filed a putative class action against CDW-Government, LLC ("CDW") and Wynndalco Enterprises, LLC ("Wynndalco") in the Circuit Court of Cook County Illinois, bearing Case No. 2020 CH 04346 (the "Thornley Lawsuit"). A true and correct copy of the Complaint filed in the Thornley Lawsuit is attached hereto as **Exhibit B**.

14. The Complaint alleges Clearview AI, Inc. ("Clearview AI") is an artificial intelligence company founded in 2016 that secretly created a database of over three billion facial scans (the "Clearview AI Database" or "Database") and a facial recognition application (the "Clearview AI App" or "App") that enable App users in Illinois to identify individuals by comparing the individuals' facial scans to the facial scans of individuals included in the Clearview AI Database. According to the Complaint, Clearview AI created its Database of facial scans through the use of proprietary algorithms that enable it to convert photographs in the Database to biometric facial recognition identifiers. The Complaint further alleges that Clearview AI obtained the photographs for its Database by "scraping" photographs posted and accessible on the internet from, among other sources, social media platforms Facebook, Twitter, Instagram, and LinkedIn, video sharing platform YouTube, and payment platform Venmo. ("Scraping" is the automated extraction of data from websites.)

15. The Named Plaintiffs allege that for a number of years prior hereto and to the present time, Plaintiffs maintained accounts containing accessible photographs of their facial images on the Facebook, Instagram, and LinkedIn social media platforms, the digital payment platform Venmo, and on the YouTube video-sharing platform. The Complaint alleges that because the Named Plaintiffs' photographs were posted and accessible on one or more of the platforms scraped by

3

Clearview AI, their photographs were collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

16. The Named Plaintiffs also allege that Clearview AI's authorized Wynndalco to license or sell access to the Clearview AI App and Database to customers based in Illinois. According to the Complaint, Wynndalco possessed, marketed, and sold or otherwise profited in Illinois from the biometric identifiers and biometric information in the Clearview AI App and Database. The Named Plaintiffs further allege that Wynndalco caused access to the Clearview AI App and Database to be delivered to users in Illinois for use in Illinois to conduct searches using the Clearview AI Database, and received payment and profited from such conduct.

17. According to the Complaint, the Named Plaintiffs are unaware of any user who uploaded photographs of any of the Named Plaintiffs or who sought to identify any of the Named Plaintiffs by using the Clearview AI App during the Class Period. The Complaint further alleges that during the Class Period, the Named Plaintiffs' biometric identifiers or biometric information in the Clearview AI App were not disclosed to any users of the Clearview AI App or to any third-parties.

18. The proposed class as set forth in the Complaint includes:

> All current Illinois citizens whose biometric identifiers or biometric information were, without their knowledge, in the Clearview AI Database when Defendants sold access to the Clearview AI Database to users in Illinois at any time from January 1, 2019 to January 17, 2020 (the "Class Period") and who suffered no injury from Defendants' violations of Section 15(c) of BIPA other than statutory aggrievement in that there is no evidence that during the Class Period: (i) a photograph of the Class member was ever uploaded to the Clearview AI App by any user of the Clearview AI App; (ii) any user of the Clearview AI App sought to use the Clearview AI App and Database to identify them; and (iii) their biometric identifiers or biometric information in the Clearview AI Database were never disclosed to any users of the Clearview AI App or any third-parties.

4

19. Named Plaintiffs allege Wynndalco, during the Class Period, intentionally sold access to or otherwise profited from Named Plaintiffs' and the Class's biometric identifiers or biometric information in violation of Section 15(c) of BIPA, and seeks a declaration that Wynndalco's actions violate Section 15(c) of BIPA and were intentional and/or reckless. The Complaint also seeks an award of statutory damages of $5,000 per Named Plaintiff and Class member for each intentional and/or reckless violation of BIPA, or, in the alternative, statutory damages of $1,000 per Named Plaintiff and Class member for each negligent violation of BIPA.

20. Wynndalco has requested coverage from Citizens for the Thornley Lawsuit. Citizens contends that it has no obligation to defend or indemnify Wynndalco against the Thornley Lawsuit. Accordingly, an actual controversy exists between Citizens, on the one hand, and Wynndalco, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECALRATORY JUDGMENT

**(Insuring Agreement)**

21. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 21, as though the same were fully set forth herein.

22. The Liability Insuring Agreement in the Policy provides, in pertinent part:

> **SECTION II - LIABILITY**
> **A. Coverages**
>     **1. Business Liability**
>         **a.** We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will

5

>have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:
>
>\*\*\*
>
>**b.** This insurance applies:
>
>>**(1)** To "bodily injury" and "property damage" only if:
>>
>>>**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>>>\*\*\*
>>
>>**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

23. The Policy contains the following Definitions:

>**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".
>\*\*\*
>
>**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>\*\*\*
>
>**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the

6

following offenses:

> **a.** False arrest, detention or imprisonment;
> **b.** Malicious prosecution;
> **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> **e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
> **f.** The use of another's advertising idea in your "advertisement"; or
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

***

**17.** "Property damage" means:
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer

7

> software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

24. The Thornley Complaint alleges that Wynndalco intentionally sold access to or otherwise profited from Named Plaintiffs' and the Class's biometric identifiers or biometric information in violation of Section 15(c) of BIPA.

25. The Thornley Complaint, therefore, does not allege any "bodily injury" or "property damage" caused by an "occurrence".

26. The Thornley Complaint does not allege that Wynndalco published material violating a person's right of privacy or otherwise allege or involve any offense contained in the "personal and advertising injury" definition.

27. Alternatively, any alleged "personal or advertising injury" that was committed prior to the inception of the Policy is not covered by the Policy.

28. Alternatively, any award for intentional or willful violations of BIPA do not constitute covered damages under the Policy and/or otherwise uninsurable as a matter of public policy.

29. The Thornley Lawsuit consequently does not fall within the scope of coverage provided by the Insuring Agreement in the Policy.

30. The Policy, therefore, does not actually or potentially provide coverage for the Thornley Lawsuit.

31. Accordingly, Citizens has no duty to defend or indemnify Wynndalco against the Thornley Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that Citizens has no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit, and grant any other relief that it deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

### (Distribution of Material in Violation of Statutes Exclusion)

32. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 32, as though the same were fully set forth herein.

33. The Policy contains the following exclusion:

    This insurance does not apply to:

    **q. Distribution Of Material In Violation Of Statutes**

    "Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

    **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

    **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

    **(4)** Any other laws, statutes, ordinances, or regulations, that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

34. The Thornley Complaint alleges that Wynndalco violated BIPA, a state statute, that addresses the collection, storage, and use of biometric information.

35. Thus, even assuming the Thornley Complaint alleges "personal and advertising injury", such injury arises directly or indirectly out of any action or omission that violates or is alleged to violate any other law, statute, ordinance, or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

36. The Distribution Of Material Or Information In Violation Of Statutes Exclusion, therefore, precludes coverage for the Thornley Lawsuit under the Policy.

37. As a result, the Policy does not actually or potentially provide coverage for the Thornley Lawsuit.

38. Citizens consequently has no duty to defend or indemnify Wynndalco against the Thornley Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that Citizens has no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit, and grant any other relief that it deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARTORY JUDGMENT

### (Prior Publication Exclusion)

39. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 39, as though the same were fully set forth herein.

40. The Policies contain the following exclusion:

This insurance does not apply to:

**c. Material Published Prior To Policy Period**
"Personal and advertising injury" arising out of
oral or written publication, in any manner, of
material whose first publication took place
before the beginning of the policy period.

10

41. The Complaint seeks to recover for Wynndalco selling access to the Clearview AI Database in violation of BIPA during the Class Period of January 1, 2019 to January 17, 2020.

42. Thus, even assuming the Thornley Complaint alleges any "personal and advertising injury", such injury arises out of publication of material whose first publication took place before the beginning of the policy period on October 2, 2019.

43. The Material Published Prior to Policy Period Exclusion, therefore, precludes coverage for the Thornley Lawsuit.

44. The Policy does not actually or potentially provide coverage for the Thornley Lawsuit.

45. Accordingly, Citizens has no duty to defend or indemnify Wynndalco against the Thornley Lawsuit under the Policy.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare that Citizens has no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit, and grant any other relief that it deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America

By: /s/ Kelly M. Ognibene
    One of its Attorneys

Jeffrey A. Goldwater, Esq.  (ARDC 6189014)
Kelly M. Ognibene, Esq. (ARDC 6297327)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois  60661
Telephone: 312.345.1718
Facsimile: 312.345.1778
Jeffrey.goldwater@lewisbrisbois.com
Kelly.ognibene@lewisbrisbois.com