# Exhibit B

Return Date: No return date scheduled
Hearing Date: 9/24/2020 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED
5/27/2020 2:39 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04346

9333208

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

Chancery Division Civil Cover Sheet
General Chancery Section

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera,
individually and on behalf of all others similarly situated,

Plaintiff

v.

CDW-Government, LLC; and Wynndalco Enterprises, LLC

Defendant

Case No: **2020CH04346**

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ Administrative Review | |
| 0001 | ☑ Class Action | |
| 0002 | ☐ Declaratory Judgment | |
| 0004 | ☐ Injunction | |
| | | |
| 0007 | ☐ General Chancery | |
| 0010 | ☐ Accounting | |
| 0011 | ☐ Arbitration | |
| 0012 | ☐ Certiorari | |
| 0013 | ☐ Dissolution of Corporation | |
| 0014 | ☐ Dissolution of Partnership | |
| 0015 | ☐ Equitable Lien | |
| 0016 | ☐ Interpleader | |

| | | |
|---|---|---|
| 0017 | ☐ Mandamus |
| 0018 | ☐ Ne Exeat |
| 0019 | ☐ Partition |
| 0020 | ☐ Quiet Title |
| 0021 | ☐ Quo Warranto |
| 0022 | ☐ Redemption Rights |
| 0023 | ☐ Reformation of a Contract |
| 0024 | ☐ Rescission of a Contract |
| 0025 | ☐ Specific Performance |
| 0026 | ☐ Trust Construction |
| 0050 | ☐ Internet Take Down Action (Compromising Images) |

☐ Other (specify) _____

◉ Atty. No.: 90236    ○ Pro Se 99500

Atty Name: Daniel M. Feeney/Miller Shakman Levine & Feldman

Atty. for: Plaintiffs

Address: 180 N. LaSalle St, Suite 3600

City: Chicago    State: IL

Zip: 60187

Telephone: 312.263.3700

Primary Email: dfeeney@millershakman.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's
Clerk's Office Electronic Notice Policy and
choose to opt in to electronic notice from the
Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

FILED
5/27/2020 2:39 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04346

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MELISSA THORNLEY, DEBORAH    )
BENJAMIN-KOLLER, and JOSUE HERRERA,    )
individually and on behalf of all others similarly    )
situated,    )

   )    No. **2020CH04346**
   )    _____
        Plaintiffs,    )
   )    JURY TRIAL DEMANDED
       v.    )
   )
CDW-GOVERNMENT, LLC; and    )
WYNNDALCO ENTERPRISES, LLC,    )
   )
       Defendants    )

## CLASS ACTION COMPLAINT

Plaintiffs Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera ("Plaintiffs"),

individually and on behalf of all others similarly situated (collectively, the "Class"), bring the

following Class Action Complaint pursuant to Sections 2-801 and 2-802 of the Illinois Code of

Civil Procedure against Defendants CDW-Government, LLC ("CDW-G") and Wynndalco

Enterprises, LLC ("Wynndalco") for redress of Defendants' improper sales in Illinois, for profit,

of  software technology containing, and allowing users to search, a database of Plaintiffs' and the

Class's biometric identifiers and biometric information in violation of Section 15(c) of the Illinois

Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act").

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action in that Defendants are each a limited

liability company formed pursuant to the laws of the State of Illinois with principal place of

business in Illinois, and are alleged to have caused injury to citizens of Illinois through violations

of BIPA committed in this State.

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

2.    Venue is proper in Cook County because both Defendants conducted business during the Class Period in this State, and in particular in Cook County, and committed the statutory violations alleged herein in Cook County and throughout Illinois.

## PARTIES

### A.    Plaintiffs

3.    At all times mentioned herein, including throughout the Class Period, Plaintiff Melissa Thornley has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

4.    At all times mentioned herein, including throughout the Class Period, Plaintiff Deborah Benjamin-Koller has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

5.    At all times mentioned herein, including throughout the Class Period, Plaintiff Josue Herrera has been, and is to date, a citizen of the State of Illinois, residing in Cook County.

### B.    Defendants

6.    Defendant CDW-Government, LLC is a limited liability company formed pursuant to the laws of the State of Illinois that does business in the State of Illinois, including in Cook County.

7.    Defendant Wynndalco Enterprises, LLC is a limited liability company formed pursuant to the laws of the State of Illinois that does business in the State of Illinois, including in Cook County.

## FACTUAL ALLEGATIONS

8.    Clearview AI, Inc. ("Clearview AI") is an artificial intelligence company founded in 2016 that secretly created a database of over three billion facial scans (the "Clearview AI Database" or "Database") and a facial recognition application (the "Clearview AI App" or "App")

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

and technologies that enable App users in Illinois to identify individuals by comparing the individuals' facial scans to the facial scans of individuals included in the Clearview AI Database.

9. Clearview AI created its Database of facial scans through the use of proprietary algorithms that enable it to convert photographs in the Database to biometric facial recognition identifiers. Clearview AI obtained the photographs for its Database by "scraping" photographs posted and accessible on the internet from, among other sources, social media platforms Facebook, Twitter, Instagram, and LinkedIn, video sharing platform YouTube, and payment platform Venmo. ("Scraping" is the automated extraction of data from websites.)

10. For a number of years prior hereto and to the present time, Plaintiff Thornley maintained public social media accounts containing accessible photographs of her facial image on the Facebook, Instagram, and LinkedIn social media platforms.

11. For a number of years prior hereto and to the present time, Plaintiff Benjamin-Koller maintained social media accounts containing accessible photographs of his facial image on the Facebook, Instagram, and Twitter social media platforms.

12. For a number of years prior hereto and to the present time, Plaintiff Herrera maintained accounts containing accessible photographs of his facial image on the Facebook, Instagram, and LinkedIn social media platforms, the digital payment platform Venmo, and on the YouTube video-sharing platform.

13. Because Plaintiffs' photographs were posted and accessible on one or more of the platforms scraped by Clearview AI, Plaintiffs' photographs were collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

FILED DATE: 5/27/2020 2:39 PM  2020CH04346

14.     Similarly, the photographs of the millions of other Illinois residents in the Class were posted and accessible on one or more of the platforms scraped by Clearview AI, and, as a result, collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

15.     Clearview AI's created the Clearview AI App and Database for commercial purposes, including sale of the App and Database to customers in the State of Illinois.

16.     During the Class Period, Clearview AI authorized Defendants CDW-G and Wynndalco to license or sell access to the Clearview AI App and Database to customers based in Illinois and furnished and provided possession, control, dominion and access to the Clearview AI App and Database to Defendants CDW-G and Wynndalco so that Defendants could sell those products, for profit, to users in Illinois, which Defendants did.

17.     During the Class Period, Defendants CDW-G and Wynndalco, acting in concert and individually, possessed, marketed, and sold or otherwise profited in Illinois from the biometric identifiers and biometric information in the Clearview AI App and Database.

18.     During the Class Period, Defendant CDW-G exercised dominion and control over and possessed the Clearview AI App and Database and Clearview AI's technologies, and sold access to or otherwise profited from the biometric identifiers and biometric information therein in Illinois.

19.     During the Class Period, Defendant Wynndalco exercised dominion and control over and possessed the Clearview AI App and Database and Clearview AI's technologies, and sold access to or otherwise profited from the biometric identifiers and biometric information therein in Illinois.

FILED DATE: 5/27/2020 2:39 PM    2020CH04346

20.     Defendant CDW-G, during the Class Period, worked with Clearview AI and Defendant Wynndalco to sell access to Clearview AI's App, Database and technologies for use by persons based in Illinois, and profited from such conduct in Illinois.

21.     Defendant CDW-G, during the Class Period, working in concert with Clearview AI and Defendant Wynndalco, caused access to the Clearview AI App and Database to be delivered to users in Illinois for use in Illinois to conduct searches using the Clearview AI Database, and received payment and profited from such conduct.

22.     Defendant Wynndalco, during the Class Period, worked with Clearview AI and Defendant CDW-G to sell access to Clearview AI's App, Database and technologies for use by persons based in Illinois, and profited from such conduct.

23.     Defendant Wynndalco, during the Class Period, working in concert with Clearview AI and Defendant CDW-G, caused access to the Clearview AI App and Database to be delivered to users in Illinois for use in Illinois to conduct searches using the Clearview AI Database, and received payment and profited from such conduct.

24.     During the Class Period, persons in Illinois, who were provided access and authorization to use the Clearview AI App in Illinois by Defendants, used the Clearview AI App in Illinois to identify unknown individuals (or confirm the identity of known individuals) by utilizing the following process: the App user in Illinois has uploaded a photograph of an individual the user is seeking to identify; Clearview AI's facial recognition technologies scanned the face in the uploaded photograph and converted the facial geometries of the individual pictured in the photograph into mathematical formulas or "vectors;" Clearview AI's technologies then identified the individual in the photograph by comparing the newly-created facial geometries with facial vectors of individuals whose photographs had previously been stored and converted to biometric

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

form in Clearview AI's Database;  the Clearview AI App then displayed all photographs in the Clearview AI's Database of the matched individual to the App user.

25.     During the Class Period, persons in Illinois were provided the Clearview AI App by Defendants, acting in concert or individually for their joint or individual profit, and conducted searches in Illinois on their mobile devices and computers of Plaintiffs' and the Class's biometric identifiers and biometric information in Clearview AI's Database.

26.     Plaintiffs are unaware of any user who uploaded photographs of any of the Plaintiffs or who sought to identify any of the Plaintiffs by using the Clearview AI App during the Class Period. It is highly probable that no user has uploaded photographs of any of the Plaintiffs nor sought to identify any of the Plaintiffs by using the Clearview AI App during the Class Period.

27.     During the Class Period, Plaintiffs' biometric identifiers or biometric information in the Clearview AI App were not disclosed to any users of the Clearview AI App or to any third-parties.

28.     During the Class Period, none of the Plaintiffs knew (or had reason to suspect) that their biometric identifiers or biometric information were contained in the Clearview AI Database.

29.     Section 15(c) of BIPA prohibits a private entity in possession of biometric identifiers or biometric information, from selling, leasing, trading, or otherwise profiting in Illinois from a person's biometric identifier or biometric information. 740 ILCS 14/15(c).

30.     During the Class Period, Defendants, individually and through their joint efforts, exercised dominion and control over and possessed Plaintiffs' biometric identifiers or biometric information and sold access to or otherwise profited from such biometric identifiers or biometric information, in knowing violation of Section 15(c) of BIPA.

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring this action pursuant the Illinois Code of Civil Procedure, 735 ILCS 5/2-801, on their own behalf and as representatives of all other similarly-situated individuals, defined as follows (the "Class"):

> All current Illinois citizens whose biometric identifiers or biometric information were, without their knowledge, in the Clearview AI Database when Defendants sold access to the Clearview AI Database to users in Illinois at any time from January 1, 2019 to January 17, 2020 (the "Class Period") and who suffered no injury from Defendants' violations of Section 15(c) of BIPA other than statutory aggrievement in that there is no evidence that during the Class Period:  (i) a photograph of the Class member was ever uploaded to the Clearview AI Database by any user of the Clearview AI App; (ii) any user of the Clearview AI App sought to use the Clearview AI App and Database to identify them; and (iii) their biometric identifiers or biometric information in the Clearview AI Database were never disclosed to any users of the Clearview AI App or any third-parties.[1]

32.     This action is properly maintained as a class action under 735 ILCS 5/2-801 because: (1) the class is so numerous that joinder of all member is impracticable ("Numerosity"); (2) there are questions of law or fact that are common to the class ("Commonality"); (3) Plaintiffs' claims are typical of the claims of the class ("Typicality"); and (4) Plaintiffs will fairly and adequately protect the interest of the class ("Adequate Representation").

33.     **Numerosity**. The Class likely consists of millions of individuals, and the members can be identified through discovery. The exact number of members of the Class is unknown and unavailable to Plaintiffs at this time, but Facebook, Inc., one of the social media platforms scraped by Clearview AI, has recently disclosed that it has approximately 6 million Illinois residents with photographs on its platform.  Individual joinder in this case is impracticable.

---

[1]     Plaintiffs have defined the Class based on currently available information and reserve the right to amend the definition of the Class, including, without limitation, the Class Period.

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

34. **Predominant Common Questions**. The Class's claims present common questions of law and fact and those questions predominate over any questions that may affect individual Class members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant CDW-G was in possession of Plaintiffs' and the Class's biometric identifiers or biometric information during the Class Period;

b. Whether Defendant Wynndalco was in possession of Plaintiffs' and the Class's biometric identifiers or biometric information during the Class Period;

c. Whether, during the Class Period, Defendant CDW-G sold access to or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information in Illinois;

d. Whether, during the Class Period, Defendant Wynndalco sold access to or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information;

e. Whether, during the Class Period, Defendant CDW-G violated Section 15(c) of BIPA by selling access to or otherwise profiting from Plaintiffs' and the Class's biometric identifiers or biometric information;

f. Whether, during the Class Period, Defendant Wynndalco violated Section 15(c) of BIPA by selling access to or otherwise profiting from Plaintiffs' and the Class's biometric identifiers or biometric information;

g. Whether Defendant CDW-G's violations of Section 15(c) of BIPA were committed intentionally, recklessly, or negligently; and

h. Whether Defendant Wynndalco's violations of Section 15(c) of BIPA were committed intentionally, recklessly, or negligently.

35. **Typicality**. Plaintiffs' claims are typical of the claims of the other members of the proposed Class. Plaintiffs and Class members were aggrieved as a result of Defendants' violations of Section 15(c) of BIPA in a manner that is uniform across the Class.

36. **Adequate Representation**. Plaintiffs have and will continue to fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained counsel that is competent and experienced in complex litigation and class actions. Plaintiffs have no interest that is antagonistic to those of the Class, and no Defendant has defenses unique to Plaintiffs. Plaintiffs

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class.

37.     **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. It would be unduly burdensome to the Court for each class member to pursue their claims individually. This proposed class action presents fewer management difficulties than individual litigation and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Class treatment will create economies of time, effort, and expense and promote uniform decision-making.

38.     Plaintiffs reserve the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

## CLAIM FOR RELIEF

### Violations of Section 15(c) of the Illinois Biometric Information Privacy Act
### (On Behalf of Plaintiffs and the Class)

39.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40.     During the Class Period, Defendants, acting individually and in concert for profit, sold access to or otherwise profited in Illinois from Plaintiffs' and the Class's biometric identifiers or biometric information included in the Clearview AI Database.

41.     Were it not for the inclusion of Plaintiffs' and the Class's biometric identifiers or biometric information in the Clearview AI Database, Defendants would not have been able to so profit.

FILED DATE: 5/27/2020 2:39 PM    2020CH04346

42.     At all times mentioned herein, Defendant CDW-G was aware, or at a minimum recklessly failed to know, of the provisions of Section 15(c) of BIPA that prohibit a private entity in Illinois, such as CDW-G, from selling, leasing, trading, or otherwise profiting from a person's biometric identifier or biometric information.

43.     At all times mentioned herein, Defendant Wynndalco was aware, or at a minimum recklessly failed to know, of the provisions of Section 15(c) of BIPA that prohibit a private entity in Illinois, such as Wynndalco, from selling, leasing, trading, or otherwise profiting from a person's biometric identifier or biometric information.

44.     Defendant CDW-G, during the Class Period, intentionally sold access to or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information in violation of Section 15(c) of BIPA.

45.     Defendant Wynndalco, during the Class Period, intentionally sold access to or otherwise profited from Plaintiffs' and the Class's biometric identifiers or biometric information in violation of Section 15(c) of BIPA.

46.     Pursuant to Section 20 of BIPA, Plaintiffs and the Class are statutorily aggrieved by Defendants' violations of Section 15(c) of BIPA.

47.     During the Class Period, none of the Plaintiffs nor any Class Members suffered any injury as a result of the violations of Section 15(c) of BIPA other than the statutory aggrievement alleged in Paragraph 46.

WHEREFORE, Plaintiffs on behalf of themselves and the proposed Class respectfully request that the Court enter an order:

a.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera as Class Representatives, and appointing Silver Golub & Teitell LLP,

FILED DATE: 5/27/2020 2:39 PM    2020CH04346

Miller Shakman Levine & Feldman LLP, and Forde & O'Meara, LLP as Class Counsel;

b.    Declaring that each Defendants' actions, as set forth above, violate Section 15(c) of BIPA;

c.    Declaring that each Defendants' actions, as set forth above, were intentional and/or reckless;

d.    Awarding statutory damages of $5,000 per Plaintiff and Class member for each intentional and/or reckless violation of Section 15(c) by each Defendant pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 per Plaintiff and Class member for each negligent violation of Section 15(c) by each Defendant pursuant to 740 ILCS 14/20(1);

e.    Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

f.    Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

g.    Awarding such other and further equitable relief as BIPA, equity, and justice may require.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

Dated: May 27, 2020

Respectfully submitted,

MELISSA THORNLEY
DEBORAH BENJAMIN-KOLLER
JOSUE HERRERA

/s/ Daniel M. Feeney
One of their attorneys

Daniel M. Feeney
Zachary J. Freeman
Miller Shakman Levine & Feldman LLP
Firm ID: 90236
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
Tel. (312) 263-3700
Fax (312) 263-3270
Email: dfeeney@millershakman.com
        zfreeman@millershakman.com

David S. Golub (*pro hac vice forthcoming*)
Steven L. Bloch (*pro hac vice forthcoming*)
Ian W. Sloss (*pro hac vice forthcoming*)
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Tel. (203) 325-4491
Fax (203) 325-3769
Email: dgolub@sgtlaw.com
        sbloch@sgtlaw.com
        isloss@sgtlaw.com

Kevin M. Forde
Brian P. O'Meara
Kevin R. Malloy
Forde & O'Meara LLP
Firm ID: 64371
111 West Washington Street
Suite 1100
Chicago IL 60602
(312) 641-1441
(312) 641-1288 (fax)
kforde@fordellp.com
bomeara@fordellp.com
kmalloy@fordellp.com

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

FILED DATE: 5/27/2020 2:39 PM   2020CH04346

## SUPREME COURT RULE 222(b) DAMAGES AFFIDAVIT

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiffs and the proposed Class.


Dated:   May 27, 2020                                      Respectfully submitted,

                                                           MELISSA THORNLEY
                                                           DEBORAH BENJAMIN-KOLLER
                                                           JOSUE HERRERA

                                                           /s/ Daniel M. Feeney
                                                           One of their attorneys


Daniel M. Feeney                          Kevin M. Forde
Zachary J. Freeman                        Brian P. O'Meara
Miller Shakman Levine & Feldman LLP       Kevin R. Malloy
Firm ID: 90236                            Forde & O'Meara LLP
180 North LaSalle Street, Suite 3600      Firm ID: 64371
Chicago, IL 60601                         111 West Washington Street
Tel. (312) 263-3700                       Suite 1100
Fax (312) 263-3270                        Chicago IL 60602
Email: dfeeney@millershakman.com          (312) 641-1441
      zfreeman@millershakman.com          (312) 641-1288 (fax)
                                          kforde@fordellp.com
David S. Golub (*pro hac vice forthcoming*)   bomeara@fordellp.com
Steven L. Bloch (*pro hac vice forthcoming*)  kmalloy@fordellp.com
Ian W. Sloss (*pro hac vice forthcoming*)
Silver Golub & Teitell LLP
184 Atlantic Street
Stamford, CT 06901
Tel. (203) 325-4491
Fax (203) 325-3769
Email: dgolub@sgtlaw.com
      sbloch@sgtlaw.com
      isloss@sgtlaw.com