IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CITIZENS INSURANCE COMPANY of AMERICA, a Michigan corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No.: 1:20-cv-03873 ) |
| WYNNDALCO ENTERPRISES, LLC, an Illinois limited liability company; DAVID ANDALCIO, JOSE FLORES; MELISSA THORNLEY, DEBORAH BENJAMIN-KOLLER, and JOSUE HERRERA, individually and on behalf of all others similarly situated; and MARIO CALDERON and JENNIFER ROCIO, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Citizens Insurance Company of America ("Citizens"), by and though its counsel of record, and for its Complaint against Defendants Wynndalco Enterprises, LLC ("Wynndalco"), David Andalcio ("Andalcio"), Jose Flores ("Flores"), Melissa Thornley ("Thornley"), Deborah Benjamin-Koller ("Benjamin-Koller'"), Josue Herrera ("Herrera"), Mario Calderon ("Calderon"), and Jennifer Rocio ("Rocio"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Citizens and Wynndalco. Citizens seeks a declaration that it has no duty to defend or indemnify under a Business Owners Policy containing a General Liability Coverage Part issued to Wynndalco in connection with two underlying putative class action suits captioned *Thornley, et al. v. CDW-Government, LLC , et al.,* Case No. 20 CH 04346, and *Calderon, et al. v. Clearview AI, Inc., et al*, Case No. 20-cv-01296.

1

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Defendant, Wynndalco, is a limited liability company organized under the laws of the state of Illinois, with its principal place of business in Mokena, Illinois.

5. All members of Wynndalco, LLC are citizens of the State of Illinois.

6. Defendant, Andalcio, is a citizen of the State of Illinois.

7. Defendant, Flores, is a citizen of the State of Illinois.

8. Defendant, Thornley, is a citizen of the State of Illinois. Thornley is joined in this suit as a necessary party defendant.

9. Defendant, Benjamin-Koller, is a citizen of the State of Illinois. Koller is joined in this suit as a necessary party defendant.

10. Defendant, Herrera, is a citizen of the State of Illinois. Herrera is joined in this suit as a necessary party defendant.

11. Defendant, Calderon, is a citizen of the State of Illinois. Herrera is joined in this suit as a necessary party defendant.

12. Defendant, Rocio, is a citizen of the State of Illinois. Herrera is joined in this suit as a necessary party defendant.

13. The two underlying lawsuits for which Wynndalco, Andalcio, and Flores seek a defense and indemnity are putative class actions. The Citizens Policy has Limits of Liability of $2 million Each Occurrence and $4 million in the Aggregate.

14. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Citizens, and all Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Wynndalco, Andalcio, and Flores, substantially exceeds $75,000.

15. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

**A.** **The Policy**

16. Citizens issued Business Owners Policy No. OBC-H062078-00 to Wynndalco, effective October 2, 2019 to October 2, 2020 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**. The Policy contains a Business Liability Coverage Part.

17. The Policy contains the following exclusion:

This insurance does not apply to:

**q. Distribution Of Material In Violation Of Statutes**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

    **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

    **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

    **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

    **(4)** Any other laws, statutes, ordinances, or regulations, that address, prohibit, or limit the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

3

**B.     The Thornley Lawsuit**

18.     On May 27, 2020, Melissa Thornley, Deborah Benjamin-Koller, and Josue Herrera (collectively the "Named Plaintiffs") filed a putative class action against CDW-Government, LLC ("CDW") and Wynndalco Enterprises, LLC ("Wynndalco") in the Circuit Court of Cook County Illinois, bearing Case No. 2020 CH 04346 (the "Thornley Lawsuit"). On August 5, 2020, the Named Plaintiffs filed an Amended Class Action Complaint in the Thornley Lawsuit (the "Thornley Complaint"). A true and correct copy of the Amended Complaint filed in the Thornley Lawsuit is attached hereto as **Exhibit B**.

19.     The Thornley Complaint alleges Clearview AI, Inc. ("Clearview AI") is an artificial intelligence company founded in 2016 that secretly created a database of over three billion facial scans (the "Clearview AI Database" or "Database") and a facial recognition application (the "Clearview AI App" or "App") that enable App users to identify individuals by comparing the individuals' facial scans to the facial scans of individuals included in the Clearview AI Database. According to the Thornley Complaint, Clearview AI created its Database of facial scans through the use of proprietary algorithms that enable it to convert photographs in the Database to biometric facial recognition identifiers. The Thornley Complaint further alleges that Clearview AI obtained the photographs for its Database by "scraping" photographs posted and accessible on the internet from, among other sources, social media platforms Facebook, Twitter, Instagram, and LinkedIn, video sharing platform YouTube, and payment platform Venmo. ("Scraping" is the automated extraction of data from websites.)

20.     The Named Plaintiffs allege that for a number of years prior hereto and to the present time, Plaintiffs maintained accounts containing accessible photographs of their facial images on the Facebook, Instagram, and LinkedIn social media platforms, the digital payment

4

platform Venmo, and on the YouTube video-sharing platform. The Thornley Complaint alleges that because the Named Plaintiffs' photographs were posted and accessible on one or more of the platforms scraped by Clearview AI, their photographs were collected into the Clearview AI Database, converted to biometric facial recognition identifiers and maintained in the Database during the Class Period in both their original and biometric formats.

21. According to the Thornley Complaint, the Chicago Police Department ("CPD") was interested in purchasing the Clearview AI Product but, on information and belief, could not do so because Clearview AI was not an authorized CPD vendor. Thereafter, the CPD allegedly requested that defendant CDW-G obtain a quote for the Clearview AI Product offered. The Thornley Complaint further alleges that CDW-G then chose not to purchase the Clearview AI Product directly from Clearview AI because, on information and belief, it was not authorized to do so. CDW-G then allegedly contacted Wynndalco and entered into an agreement with Wynndalco pursuant to which Wynndalco would purchase the Clearview AI Product from Clearview AI for $47,500.00 and re-sell the Clearview AI Product to CDW-G for the sum of $48,450.00.

22. The Thornley Complaint alleges that on or about December 13, 2019, in accordance with its agreement with CDW-G, Wynndalco purchased the Clearview AI Product from Clearview AI for the sum of $47,500.00 and immediately re-sold the Clearview AI Product to CDW-G for the sum of $48,450.00, and CDW-G, in turn, immediately re-sold the Clearview AI Product to the CPD for the sum of $49,875.00. Wynndalco thus allegedly realized a profit of approximately $950.00 from the sale of the Clearview AI Product to CDW-G.

23. The Named Plaintiffs further allege that as instructed and required by CDW-G, Wynndalco delivered the Clearview AI Product directly to the CPD.

24.     The proposed class set forth in the Amended Complaint includes:

> All current Illinois citizens whose biometric identifiers or biometric information were at any time between December 13, 2019 and April 30, 2020 [the "Class Period"] in the Clearview AI Database that was part of the Clearview AI Product purchased by defendant Wynndalco from Clearview AI, sold by Wynndalco to CDW-G, and sold by defendant CDW-G to the Chicago Police Department.

25.     The Thornley Complaint contains three counts against Wynndalco.

26.     The first count in the Thornley Complaint against Wynndalco alleges Wynndalco intentionally or recklessly violated Section 15(c) of the Illinois Biometric Information Privacy Act ("BIPA") by profiting from Named Plaintiffs' and the Class's biometric identifiers or biometric information in the Clear App Database.

27.     The Thornley Complaint also contains counts for unjust enrichment and invasion of privacy.

### C. The Calderon Lawsuit

28.     On July 22, 2020, Mario Calderon and Jennifer Rocio filed a First Amended Class Action Complaint in a putative class action lawsuit against Wynndalco, Andalcio, Flores, and other defendants in the United States District Court for the Southern District of New York, bearing Case No. 1:20-cv-01296 (the "Calderon Lawsuit"). A true and correct copy of the First Amended Complaint filed in the Calderon Lawsuit is attached hereto as **Exhibit C** (the "Calderon Complaint").

29.     The Calderon Complaint alleges that Andalcio is the Founder and CEO of Wynndalco, Flores is the COO of Wynndalco, and that both knew of, participated in, consented to, approved, authorized, and directed the wrongful acts alleged therein.

30.     The Calderon Complaint alleges that Clearview has amassed a database of more than three billion photographs that it scraped from sources including Instagram, Twitter, YouTube, Facebook, Venmo and millions of other websites. Using this data, Clearview allegedly created a

6

facial recognition tool that can identify virtually anyone by simply uploading a photograph. Users can take a picture of a stranger on the street, upload it to Clearview's tool and instantly see photos of that person on various social media platforms and websites, along with the person's name, address and other identifying information.

31. According to Plaintiffs, Clearview sells access to its facial recognition tool through its Illinois-based agent Wynndalco. Wynndalco, on behalf of Clearview, allegedly licenses and provides the software and data necessary to access the Clearview app and its associated biometrics database to law enforcement agencies and other entities, including the Chicago Police Department ("CPD"). The Complaint further alleges that on January 1, 2020, CPD, through its agent CDW Government, officially entered into a two-year, $49,875 contract with Clearview.

32. The proposed class in the Calderon Complaint includes:

> all individuals who, while residing in the state of Illinois, had their biometric identifiers captured, collected, or obtained by Clearview at any point during the five years preceding the filing of the original Complaint in this action.

33. The Calderon Complaint includes a single count alleging that Wynndalco, Andalcio, and Flores violated BIPA by capturing, collecting, storing, and using Plaintiffs' and the other Class members' biometric identifiers and/or biometric information.

34. Wynndalco has requested coverage from Citizens for the Thornley Lawsuit. Wynndalco, Andalcio, and Flores have requested coverage from Citizens for the Calderon Lawsuit. Citizens contends that it has no obligation to defend or indemnify Wynndalco, Andalcio or Flores in connection with the Thornley Lawsuit and Calderon Lawsuit. Accordingly, an actual controversy exists between Citizens, on the one hand, and Wynndalco, Andalcio, and Flores, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure

and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(Distribution of Material in Violation of Statutes Exclusion – Thornley Lawsuit)**

35. Plaintiff adopts and repeats the allegations of Paragraph 1 through 34 as and for Paragraph 35, as though the same were fully set forth herein.

36. The Thornley Complaint alleges that Wynndalco violated BIPA, a state statute, that addresses the collection, storage, and use of biometric information.

37. All of the counts in the Thornley Complaint allege conduct that violates BIPA,

38. Thus, any alleged "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any other law, statute, ordinance, or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

39. The Distribution Of Material Or Information In Violation Of Statutes Exclusion, therefore, precludes coverage for the Thornley Lawsuit under the Policy.

40. As a result, the Policy does not actually or potentially provide coverage for the Thornley Lawsuit.

41. Citizens consequently has no duty to defend or indemnify Wynndalco against the Thornley Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare and adjudge the following:

1. Citizens has no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit;

2. Citizens has no duty to defend or indemnify Wynndalco, Andalcio, or Flores in connection with the Calderon Lawsuit; and

3. Grant any other relief that it deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(Distribution of Material in Violation of Statutes Exclusion – Calderon Lawsuit)**

42. Plaintiff adopts and repeats the allegations of Paragraph 1 through 33 as and for Paragraph 42, as though the same were fully set forth herein.

43. The Calderon Complaint includes a single count alleging that Wynndalco, Andalcio, and Flores violated BIPA by capturing, collecting, storing, and using Plaintiffs' and the other Class members' biometric identifiers and/or biometric information.

44. Therefore, any alleged "personal and advertising injury" in the Calderon Complaint arises directly or indirectly out of any action or omission that violates or is alleged to violate any other law, statute, ordinance, or regulation that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

45. The Distribution Of Material Or Information In Violation Of Statutes Exclusion, therefore, precludes coverage for the Calderon Lawsuit under the Policy.

46. As a result, the Policy does not actually or potentially provide coverage for the Calderon Lawsuit.

47. Citizens consequently has no duty to defend or indemnify Wynndalco, Andalcio, or Flores against the Calderon Lawsuit.

WHEREFORE, Citizens respectfully requests that this Honorable Court declare and adjudge the following:

1. Citizens has no duty to defend or indemnify Wynndalco in connection with the Thornley Lawsuit;

2. Citizens has no duty to defend or indemnify Wynndalco, Andalcio, or Flores in connection with the Calderon Lawsuit; and

3. Grant any other relief that it deems just and equitable under the circumstances, including the award of costs.

        Respectfully submitted,

        Citizens Insurance Company of America

        By: /s/ Kelly M. Ognibene
            One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC 6189014)
Kelly M. Ognibene, Esq. (ARDC 6297327)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778
Jeffrey.goldwater@lewisbrisbois.com
Kelly.ognibene@lewisbrisbois.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2020, I electronically filed the foregoing Plaintiff's First Amended Complaint for Declaratory Judgment with the Clerk of the above-captioned Court by using the CM/ECF system, which will provide notice and a copy of same to all parties of record.

| | |
|---|---|
| *Representing Defendant, Wynndalco Enterprises, LLC* | *Representing Defendants, Thornley, Benjamin-Koller and Herrera:* |
| Karin O'Connell | Daniel M. Feeney |
| Justin W. Hanson | Zachary J. Freeman |
| Gould & Ratner LLP | Miller Shakman Levine & Feldman LLP |
| 222 North LaSalle Street, Suite 300 | 180 North LaSalle Street, Suite 3600 |
| Chicago, IL 60601 | Chicago, IL 60601 |
| (312) 236-3003 | dfeeney@millershakman.com |
| koconnell@gouldratner.com | zfreeman@millershakman.com |
| jwhanson@gouldratner.com | |

By: /s/ *Monica Loye*